## MARTIN V. B. WILCOX *et ux.* *vs.* GEORGE E. HEYWOOD.

Devise as follows:

" At and after the decease of my said wife, I give and devise the residue of the mansion house and lots before described, together with my land in Cranston, to my beloved brother Daniel Pettey, and to the surviving children of my late brother David Pettey, deceased, — the one half to said Daniel and the other half to the said children, namely, Eliza Pettey, Caroline Pettey, Susan Pettey, John G. Pettey, Ann Pettey and Rebecca Pettey, to them, their respective heirs and assigns, forever, they paying to Phœbe Cary, the daughter of my late brother John Pettey, deceased, one hundred and fifty dollars.

" The true intent of the last devise as it respects said Daniel is, that if I should survive him, or rather if my wife should survive him, his part in said estates should descend to his male heirs : "

*Held*, that Daniel, surviving the testator's widow, took an estate in tail male.

Daniel died leaving as his heirs sons and grandsons. These sons and grandsons conveyed the entailed estate by an ordinary deed not acknowledged with the statutory formalities required in the case of an entail:

*Held*, that the conveyance was sufficient under Gen. Stat. R. I. cap. 171, § 2.

Gen. Stat. R. I. cap. 171, § 2, provides:

" No person seized in fee simple shall have a right to devise any estate in fee tail for a longer time than to the children of the first devisee : "

*Held*, that the words "first devisee " mean first devisee in tail.

*Lippitt* v. *Huston*, 8 R. I. 415, criticised and explained.

*Held*, further, that on descent cast the fee tail is enlarged by the statute into a fee simple.

BILL IN EQUITY for specific performance.

*July* 27, 1878. DURFEE, C. J. This is a bill to enforce the specific performance of a contract for the purchase of real estate

by the vendors against the purchaser. It involves the construction of the following clause in the will of the late James Pettey, the same being preceded by a clause giving the estate therein mentioned to his wife for life, to wit:

" At and after the decease of my said wife, I give and devise the residue of the mansion house and lots before described, together with my land in Cranston, to my beloved brother Daniel Petty, and to the surviving children of my late brother David Petty, deceased, — the one half to said Daniel and the other half to the said children, namely, Eliza Pettey, Caroline Pettey, Susan Pettey, John G. Pettey, Ann Pettey, Rebecca Pettey, to them, their respective heirs and assigns, forever, they paying to Phœbe Cary, the daughter of my late brother John Pettey, deceased, one hundred and fifty dollars.

" The true intent of the last devise as it respects said Daniel is, that if I should survive him, or rather if my wife should survive him, his part in said estates should descend to his male heirs."

We think the first paragraph gives to Daniel an estate in fee simple after the death of the widow, which, however, is cut down by the subsequent paragraph to an estate in fee tail male in the contingency of the widow's surviving him, which happened. Or taking the clause as a whole, the devise may be equally well construed as a devise to Daniel in fee tail male, to be enlarged, in the event of his surviving the widow, into an estate in fee simple. Whichever way it is construed, the estate devised was in fact an estate in tail male, Daniel having survived the testator but predeceased the widow. *Brownell* v. *Brownell*, 10 R. I. 509.

The lot contracted to be sold by the complainants to the defendant is a part of the estate devised to said Daniel. The male heirs of Daniel at the time of his decease were three sons and four grandsons. The complainants derive their title from the sons and grandsons by conveyances to the complainant, Cordelia W. Wilcox, or to her predecessors in title. The conveyances were none of them acknowledged before the Supreme Court, or the Court of Common Pleas, in open court, as is required to bar an entail, but were acknowledged only in the ordinary form. The case therefore involves a construction of the following provision of Gen. Stat. R. I. cap. 171, § 2, to wit:

" No person seized in fee simple shall have a right to devise any estate in fee tail for a longer time than to the children of the first devisee."

Under this provision how long does the entailment last ? We think it lasts through the life of the first devisee until the estate passes to the children and no longer, the estate being disentailed as soon as it reaches the children, by operation of the statute, and enlarged into an estate in fee simple. It follows that a conveyance by the children, and of course by the grandchildren when they inherit directly from the first devisee in tail, is effectual to pass the title, if otherwise valid, even when acknowledged only in the ordinary form.

It may be supposed that this decision is in conflict with the decision of this court in *Lippitt* v. *Huston*, 8 R. I. 415, 424. In that case the court is reported to have held that a conveyance by a child of a first devisee in tail, acknowledged in common form, was effectual to pass the estate, on the ground that said first devisee in tail was herself a child of the first devisee of the estate under the will, and that such first devisee under the will must be held to be " the first devisee " within the meaning of the words as used in the statute. The report represents the opinion entertained by Chief Justice Bradley, but not the opinion of his two associates. The opinion of his two associates was that by " the first devisee," the statute means the first devisee in tail, but that it allows the entailment to continue only *to* the children of such devisee ; precisely as we hold in the case at bar. All the judges concurred in the conclusion, but upon different grounds. The opinion was orally delivered by the Chief Justice, who stated the conclusion upon this point without fully explaining the grounds of it. Afterwards, when he wrote out or amplified his opinion, he had doubtless forgotten this difference between himself and the majority of the court : and see *Sutton* v. *Miles*, 10 R. I. 348, 351.

We do not understand that the respondent makes any objection to the fulfilment of his contract which is not met and removed by the foregoing decision. We therefore decree its specific performance. *Decree accordingly.*

*Bosworth & Champlin*, for complainants.
*Orrin L. Bosworth*, for respondent.